UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

RAFAELA A. MALAVE,

Plaintiff,

**MEMORANDUM & ORDER**
24-CV-3629(EK)(MMH)

-against-

RYAN PRICE, Detective, Badge #1458, and ROBERT A. SCHWARTZ, Acting Supreme Court Justice,

Defendants.

---------------------------------------x

ERIC KOMITEE, United States District Judge:

Plaintiff Rafaela Malave filed the instant complaint in May 2024. Proceeding *pro se*, she submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. That application is now granted. For the reasons that follow, however, the complaint must be dismissed in part.

Malave alleges that Nassau County Police Detective Ryan Price violated her Fourth Amendment rights when he entered and searched her apartment, looking for a person who was the subject of a bench warrant. She brings a related claim against Justice Robert Schwartz, an Acting Justice of the New York Supreme Court, alleging that he "instructed" Detective Price to execute the bench warrant.

As set forth follow, the claims against Justice Schwartz and Detective Price are both dismissed. The action

may, however, proceed against Price.

## I. Background

The following facts are drawn from the Complaint ("Compl."), ECF No. 1, and they are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).[1]

Malave alleges that Detective Price, along with "five or six" unnamed officers, knocked on her apartment door on the night of October 23, 2023. Compl. 5. Detective Price told Malave that they were searching for Jason Coleman, Malave's friend, pursuant to a warrant. *Id.* The officers then "barged into [her] apartment" and searched it "without consent, a warrant, or any valid probabl[e] cause." *Id.* at 5-6. The officers did not find Coleman. *Id.*

Detective Price told Malave "to have Jason contact him otherwise they would keep coming back, every day, if necessary." *Id.* at 6. Malave later learned that "Detective Price was given these instructions by [Justice] Schwartz after Jason failed to appear" at a criminal proceeding. *Id.*

The incident left Malave "shaken" and "convinced that these men would come back." *Id.* She requests that both defendants "face disciplinary action" and that the state

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

criminal case against Coleman be dismissed. *Id.* She does not seek money damages. *See id.*

## II. Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint will be liberally construed to raise the strongest claim it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Moreover, district courts must dismiss an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

### A. The Claim Against Justice Schwartz Is Dismissed

Malave alleges that Justice Schwartz improperly issued the bench warrant for Coleman because the "statute of

limitations" had run in Coleman's state criminal case. Compl. 2. She requests that Justice Schwartz "face disciplinary action" for issuing the warrant. *Id.* at 6.

Judges have absolute immunity from suits for damages arising out of acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 11, 13.

The Federal Courts Improvement Act of 1996 extended this protection to most actions seeking injunctive relief. The Act amended Rev. Stat. § 1979, 42 U.S.C. § 1983, to provide that: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996); *see Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005).

Malave has not stated a claim under this standard. *See* Compl. 6. "Authorizing . . . [a] bench warrant [is] clearly a judicial act . . . that entitles" a judge to "absolute immunity." *Ceparano v. Southampton Just. Ct.*, 404 F. App'x 537, 539 (2d Cir. 2011); *see Burns v. Reed,* 500 U.S. 478, 492 (1991).

Here, Malave's only allegation against Justice Schwartz is that he issued a bench warrant for Coleman's arrest and directed Detective Price to execute it. And Malave makes no allegation that Justice Schwartz violated a "declaratory decree," or that no such declaratory relief was available. *See* Compl. 5-6; *Huminski*, 396 F.3d at 74. Judicial immunity thus precludes the claim against Justice Schwartz, and that claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. The Claim Against Detective Price Is Also Dismissed**

Malave also alleges that Detective Price unlawfully entered her apartment while executing the bench warrant for Coleman in violation of the Fourth Amendment. Compl. 5. The Court will not resolve whether she has plausibly stated a Fourth Amendment claim at this stage. Malave has not provided the bench warrant at issue, and the Court is thus unable to assess whether that document provided a lawful basis for the search. *See Steagald v. United States*, 451 U.S. 204, 213-16 (1981).

Nevertheless, the claim against Detective Price is dismissed, because the Court cannot grant the relief Malave seeks: dismissal of Coleman's state-court case and disciplinary action against Detective Price. Compl. 6.

As to the first request, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S.

614, 619 (1973); *see Annis v. Vermont Prosecutors*, 568 F. App'x 9, 9-10 (2d Cir. 2014). As to the second, the Court cannot compel the Nassau County Police Department or any other state agency to discipline Detective Price. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Marom v. Town of Greenburgh*, No. 23-CV-0232, 2023 WL 2457704, at *2 (S.D.N.Y. Mar. 9, 2023) ("It is well-settled that federal courts have no general power to compel action by state officials."). Thus, the complaint "fails to state a claim on which relief can be granted," and this claim must also be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

However, "a *pro se* litigant should be granted leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Curry-Malcolm v. Rochester City Sch. Dist.*, 835 F. App'x 623, 626 (2d Cir. 2020). Malave may be able to state a valid claim against Detective Price. She is thus granted twenty-one days from the date of this order to file an amended complaint against him that overcomes the deficiencies identified in this Order.

**IV. Conclusion**

For the reasons set forth above, plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. Plaintiff's claim against Justice Schwartz is dismissed with prejudice, as amendment would be futile. *See Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Her claim against Detective Price is dismissed without prejudice. Should Malave seek to proceed against Price, she shall file an amended complaint on or before October 21, 2026. Any amended complaint she elects to file will completely replace, not supplement, the prior complaint. Therefore, the amended complaint must include all relevant factual allegations. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order: 24-CV-3629(EK)(MMH).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 30, 2026
Brooklyn, New York